UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | EDCV 21-2080 JGB (SPx) | Date | February 17, 2022 |
| Title | *Hugh S. Hairston v. Mercedes-Benz USA, LLC* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None | None |

**Proceedings:**   Order (1) to Show Cause and (2) CONTINUING the February 28, 2022 Hearing (Dkt. No. 15) (IN CHAMBERS)

      On December 14, 2021, Plaintiff Hugh S. Hairston filed his Complaint against Mercedes-Benz USA, LLC, asserting three causes of action: (1) breach of express warranty pursuant to the Song-Beverly Consumer Warranty Act (the "Song Beverly Act"); (2) breach of implied warranty pursuant to the Song-Beverly Act; and (3) violation of section 1793.2 of the Song-Beverly Act. ("Complaint," Dkt. No. 1.)

      In his Complaint, Plaintiff alleges that the Court has diversity jurisdiction over this action. (Id. ¶¶ 9-14.)  It is undisputed that there is complete diversity between the parties.  (Id. ¶ 11-14.) However, it is not facially evident from the Complaint that the amount-in-controversy exceeds $75,000.

      Plaintiff seeks compensation as provided for in the Song-Beverly Act, Cal. Civ. Code §§ 1793.2 and 1794.  (Id. ¶¶ 46, 48, 58, 60-62.)  "Specifically, Cal. Civ. Code § 1793.2(d)(B) provides that the measure of damages in such an action includes restitution 'in an amount equal to the purchase price paid or payable by the buyer,' reduced by that amount 'directly contributable to use by the buyer' prior to delivery of the vehicle back to the dealer for correction of the problem that gave rise to the nonconformity with the warranty."  Maciel v. BMW of N. Am., LLC, 2017 WL 8185859, at *2 (C.D. Cal. Aug. 7, 2017).  "The set-off amount is determined by multiplying the 'actual price of the new motor vehicle paid or payable by the buyer . . . by a fraction having its denominator 120,000 and having as its numerator the number of miles

traveled by the new motor vehicle prior to the time the buyer delivered the vehicle' for correction of the problem." Id. (quoting Cal. Civ. Code § 1793.2(d)(2)(C)).

Here, the Complaint alleges the following regarding the vehicle's price: "The Subject Vehicle, as reflected in the sales contract, has an approximate value of $51[,]465.38." (Complaint ¶ 10.) However, Plaintiff does not attach the vehicle's sales contract as an exhibit in the Complaint. Plaintiff also does not provide any history of service repairs to calculate the appropriate mileage offset. Instead, Plaintiff summarily concludes that the amount-in-controversy exceeds $75,000 because (1) the vehicle has an approximate value of $51,465.38 in addition to (2) the following:

> Pursuant to the Song-Beverly Act, Plaintiff is seeking general, special, and actual damages, as well as civil penalties, up to two times the amount of actual damage. As such, Plaintiff seeks in the approximate amount of $154,396.14. Plaintiff is also seeking reasonable attorneys' fees under the Act. Accordingly, Plaintiff claims meets the jurisdictional threshold required under 28 U.S.C. § 1332 (a).

(Id.)

Federal courts generally do not have jurisdiction over civil actions brought under 28 U.S.C. § 1332(a) if the amount-in-controversy does not exceed $75,000. Plaintiff provides no evidentiary support for his argument that his prayer demonstrates an amount-in-controversy exceeding $75,000; specifically, the amount-in-controversy presented in the Complaint is speculative without the vehicle's sales contract and service repair history.

Accordingly, Plaintiff is ordered to show cause in writing no later than **February 28, 2022,** why this action should not be dismissed for lack of subject matter jurisdiction. The hearing on the Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) filed by Defendant Mercedes-Benz USA, LLC, on January 27, 2022, is hereby CONTINUED to March 28, 2022, at 9:00 a.m.

**IT IS SO ORDERED.**